# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL H. ROBERTS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE BURLINGTON COUNTY DETENTION CENTER, et al.,<br><br>Respondents. | Civil Action No. 19-12440 (RBK)<br><br>**OPINION AND ORDER** |

Before the Court is Petitioner's motion to proceed without amending his second petition (ECF No. 13) and motion for default judgment (ECF No. 14). The Court had previously granted in part Petitioner's request to amend his Second Petition but advised Petitioner that the filing of his new document, and the Court's acceptance thereof, *i.e.*, by granting in part his request to amend, rendered his Second Petition inoperative. Accordingly, the Court granted Petitioner leave to file a comprehensive amended petition, rather than allow him to rely solely on his new, but incomplete pleading. Petitioner has advised that he no longer wishes to amend his Second Petition. As such, the Court will reinstate the Second Petition.

With regard to Petitioner's motion for default judgment, Petitioner appears to contend that default judgment is appropriate because Respondents have not filed an answer to his Second Petition. Respondents do not, however, have any obligation to file an answer unless and until the Court completes its screening of a petition and orders a respondent to file an answer or other responsive pleading. *See, e.g.*, *McKnight v. United States*, No. 13-3747, 2014 WL 3748209, at *1 (D.N.J. July 29, 2014)(citing 28 U.S.C. § 2243; 28 U.S.C. § 2254 Rule 4 (Habeas Rule 4 requires the court to *sua sponte* screen and dismiss a habeas petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief.")).

Because there was no active petition in this case, there was no screening thereof, and no obligation for Respondents to file an answer. More importantly, default judgment has no application in a habeas corpus case, as "a respondent's failure to timely respond to a habeas petition does not relieve a petitioner of the burden of proving he is in custody in violation of the Constitution." *See, e.g.*, *Nesmith v. Common Pleas Court of Philadelphia Cty.*, No. 09-4356, 2010 WL 3278042, at *1 (E.D. Pa. Aug. 16, 2010) (collecting cases). Consequently, even if a response were untimely, "a respondent's tardiness or failure to answer a habeas corpus petition is not grounds for granting federal habeas relief." *Id*.

Accordingly, the Court will deny the motion for default judgment. The Court will reinstate the Second Petition and complete its screening in due course.

THEREFORE, it is on this __25th__ day of September, 2019,

**ORDERED** that Petitioner's motion to proceed without amending his Second Petition (ECF No. 13) is GRANTED; and it is further

**ORDERED** that Petitioner's Second Petition is hereby reinstated; and it is further

**ORDERED** that Petitioner's motion for default judgment (ECF No. 14) is DENIED; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order upon Petitioner by regular U.S. mail.

       s/Robert B. Kugler
       ROBERT B. KUGLER
       United States District Judge